

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| LONG JOHN SILVER'S RESTAURANTS, INC. and LONG JOHN SILVER'S, INC., | § § § |
| Movants, | § § |
| v. | § CIVIL ACTION NO. 6:05-3039-HFF § |
| ERIN COLE, NICK KAUFMAN, and VICTORIA MCWHORTER, | § § § § |
| Respondents. | § |

ORDER DENYING MOTION TO STAY

This is an action to vacate an arbitration award, over which the Court exercises jurisdiction pursuant to 28 U.S.C. § 1332. The Court previously denied the motion to vacate, 409 F.Supp.2d 682 (D.S.C. 2006), and Movants' appeal of that decision is currently pending before the United States Court of Appeals for the Fourth Circuit. Movants now seek a stay of the issuance of class notice by the arbitrator. For the reasons set forth below, the Court denies the motion to stay.

As the Court has already denied Movants' motion to vacate the arbitrator's Class Determination Award, the present motion effectively asks the Court to stay its prior judgment pending appeal. The Court's power to issue such a stay is governed by Fed. R. Civ. P. 62. In order to determine whether a stay should issue under this rule, the Court must consider four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[1] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970). These factors, however, are not weighed equally by the Court, for the first factor–strong likelihood of success on the merits of the appeal–is of prime importance to the question of whether a stay should issue.[2] *Family Foundation, Inc. v. Brown*, 9 F.3d 1075, 1076 (4th Cir. 1993). Indeed, it is firmly established that this factor is a *sine qua non* of the issuance of a stay pending appeal. *Id.* (denying stay where applicants had not made the "requisite" strong showing of likelihood of success on the merits); *Fort Sumter Tours, Inc. v. Andrus*, 564 F.2d 1119, 1124 n.7 (4th Cir. 1977) (noting the "*need* of the appellant to make a strong showing that he is likely to prevail on the merits") (emphasis added); *Blackwelder Furniture Co. of Statesville, Inc. v. Selig Mfg. Co., Inc.*, 550 F.2d 189, 194 (4th Cir. 1977) ("For a stay to issue [where a judicial body has already passed upon the merits of a question], we [have] adopted the *requirement* . . . that a 'strong showing' of probable success on appeal be made, for otherwise there is 'no justification for the (appellate) court's intrusion

---

[1] Movants simply misstate the law when they assert that the standard for the issuance of a stay here is the same as that used for preliminary injunctions. (Mov.'s Mem. Supp. Stay 2.) The only authority cited by Movants in support of this is the report and recommendation of a Magistrate Judge which involved a motion to enjoin an arbitration which had not yet occurred–effectively a preliminary injunction–not a motion to stay an arbitration proceeding which a court has already permitted to proceed–effectively a stay of judgment pending appeal. The Court of Appeals has directly held that the latter is analyzed under a different standard than that used for preliminary injunctions. *Fort Sumter Tours*, 564 F.2d at 1124 n.7; *Blackwelder*, 550 F.2d at 194. Because Movants adopt the wrong legal standard here, the emphasis of their memorandum is misdirected.

[2] Even if, as some courts have held, this factor is substantially lessened in importance, requiring a showing only of a "substantial case on the merits," when the balance of the equities in the other factors "weighs heavily in favor of granting the stay," *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A June 1981) (per curiam)), the Court is convinced that Movants have failed to satisfy any of the three remaining factors and, in any event, have not shown a substantial case on the merits.

into the ordinary processes of administrative and judicial review.'" (citing *Virginia Petroleum Jobbers Ass'n. v. Federal Power*, 259 F.2d 921 (D.C. Cir. 1958))) (emphasis added); *Long*, 432 F.2d at 979 ("a party seeking a stay *must* show . . . that he will likely prevail on the merits of the appeal") (emphasis added).

Here, Movants fail to carry their burden of making a strong showing that they are likely to prevail on the merits on their appeal. In fact, Movants do not attempt to assert that they will likely be successful on appeal but instead simply argue that their appeal "raises a question so serious, substantial, difficult, and doubtful, as to make it fair ground for litigation, and therefore also worthy of a stay to preserve the status quo pending appeal."[3] (Mov.'s Mem. Supp. Stay 8.) Therefore, without actually forecasting the outcome of Movants' appeal, *Family Foundation*, 9 F.3d at 1076; *Fort Sumter Tours*, 564 F.2d at 1125, the Court concludes that Movants have, at most, merely restated many of the same arguments already rejected by the Court. Because the Court believes these arguments must fail (especially given the extremely deferential standard of review in cases seeking to vacate arbitration awards, *Remmey v. PaineWebber, Inc.*, 32 F.3d 143, 146 (4th Cir. 1994)), it cannot say, in the absence of any additional reasoning, that Movants will likely succeed on appeal.

Accordingly, as Movants fail to demonstrate a strong likelihood of success on the merits on appeal, their motion to stay the issuance of class notice by the arbitrator necessarily fails as well. Thus, it is the judgment of the Court that Movants' Motion to Stay Class Notice be, and the same is hereby, **DENIED.**

---

[3] While relevant to the issuance of a preliminary injunction, this standard is inapposite here. *See supra* n.1.

**IT IS SO ORDERED.**

Signed this 26th day of April, 2006, in Spartanburg, South Carolina.

                                              s/ Henry F. Floyd
                                              UNITED STATES DISTRICT JUDGE